PAUL S. AOKI, 1286
Acting Corporation Counsel

ROBERT M. KOHN, 6291
NICOLETTE WINTER, 9588
530 S. King Street, Room 110
Honolulu, Hawai'i 96813
Telephone: (808) 768-5234
Facsimile: (808) 768-5105
Email: robert.kohn@honolulu.gov
nwinter@honolulu.gov

SHER EDLING LLP
Victor M. Sher (*pro hac vice*)
Matthew K. Edling (*pro hac vice*)
100 Montgomery Street
Suite 1410
San Francisco, CA 94104
Telephone: (628) 231-2500
Email: vic@sheredling.com
matt@sheredling.com

Attorneys for Plaintiff CITY AND COUNTY OF HONOLULU

GIBSON, DUNN & CRUTCHER LLP
Theodore J. Boutrous, Jr. (*pro hac vice*)
  tboutrous@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

WATANABE ING LLP
Melvyn M. Miyagi #1624-0
  mmiyagi@wik.com
Ross T. Shinyama  #8830-0
  rshinyama@wik.com
999 Bishop Street, Suite 1250
Honolulu, HI 96813
Telephone: 808.544.8300

Facsimile: 808.544.8399

Attorneys for Defendants CHEVRON CORPORATION and CHEVRON U.S.A., INC.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CITY AND COUNTY OF HONOLULU,<br><br>Plaintiff,<br><br>v.<br><br>SUNOCO LP; ALOHA PETROLEUM, LTD.; ALOHA PETROLEUM LLC; EXXON MOBIL CORP.; EXXONMOBIL OIL CORPORATION; ROYAL DUTCH SHELL PLC; SHELL OIL COMPANY; SHELL OIL PRODUCTS COMPANY LLC; CHEVRON CORP; CHEVRON USA INC.; BHP GROUP LIMITED; BHP GROUP PLC; BHP HAWAII INC.; BP PLC; BP AMERICA INC.; MARATHON PETROLEUM CORP.; CONOCOPHILLIPS; CONOCOPHILLIPS COMPANY; PHILLIPS 66; PHILLIPS 66 COMPANY; AND DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: CV 20-00163 DKW-RT (Other Civil Action)<br><br>**JOINT FURTHER STATUS REPORT**<br><br>Action Filed: March 9, 2020<br>No Trial Date Set |

# JOINT FURTHER STATUS REPORT

This Court's Order of June 9, 2020 (Dkt No. 93), requires the parties to file a further joint status report and plan for next steps within 14 days of the later of the following events in the pending *San Mateo* and *Oakland* appeals: (a) the expiration of the deadline for filing a petition for panel rehearing and/or rehearing *en banc* if no such petition(s) are filed, or (b) the Ninth Circuit's denial of petition(s) filed in one or both cases; or (c) issuance of decision(s) by the Ninth Circuit resolving any petition(s) filed in one or both cases. The Ninth Circuit has denied Defendants' motions for panel rehearing and/or rehearing *en banc* in both cases. Accordingly, the parties hereby submit a further joint status report pursuant to this Court's Order.[1]

***Procedural history and developments in the Ninth Circuit and Supreme Court.*** On May 26, 2020, the Ninth Circuit issued decisions in *County of San Mateo, et al. v. Chevron Corp., et al.* ("*San Mateo*"), Nos. 18-15499, 18-15502, 18-15503, and 18-16376 (9th Cir.), and *City of Oakland, et al. v. B.P. PLC, et al.* ("*City of Oakland*"), No. 18-16663 (9th Cir.). In *San Mateo*, the Court found that its appellate review was limited to federal officer removal and found this ground

---

[1] This submission does not operate as an admission of any factual allegation or legal conclusion and is submitted subject to and without waiver of

1


did not support removal jurisdiction. In *City of Oakland*, the Court vacated the district court's denial of remand, which was based on federal question jurisdiction under federal common law, and remanded the case back to the district court for further consideration of the other bases for removal asserted in defendants' Notice of Removal.

On July 8, 2020, the defendants filed a petition for panel rehearing and/or rehearing *en banc* in *City of Oakland* and, on July 9, 2020, the defendants filed a petition for rehearing *en banc* in *San Mateo*. On August 4, 2020 and August 12, 2020, the Ninth Circuit denied the rehearing petitions in the *San Mateo* and *City of Oakland* cases, respectively. On August 10, 2020, defendants in *San Mateo* filed a motion to stay the Ninth Circuit's mandate in that appeal; the deadline to file a motion to stay *City of Oakland* is August 19, 2020. Defendants intend to file petitions for writs of certiorari to the Supreme Court of the United States in both actions, which are currently due by January 2021.[2]

---

any right, defense, affirmative defense, claim, or objection, including lack of personal jurisdiction, insufficient process, or insufficient service of process.

[2]    Certain Defendants already have a petition for certiorari involving the appellate-jurisdiction issue decided in *San Mateo* pending before the Supreme Court. That petition will likely be acted upon at the beginning of the Court's October Term. *See BP p.l.c. v. Mayor & City Council of Baltimore*, No. 19-1189 (distributed for Conference on Sept. 29, 2020).

*Plan for next steps in this action*.

Defendants' Position: In light of the foregoing developments, the Defendants respectfully ask the Court to continue the stay in this matter and direct the parties to submit another status report to the Court within 14 days of the resolution of proceedings in the Supreme Court in the *San Mateo* and *City of Oakland* actions.

Defendants note that the recent Ninth Circuit decisions do not address all bases for federal jurisdiction asserted in Defendants' Notice of Removal here.  The Notice of Removal in this action also presents new facts and authority supporting federal jurisdiction beyond those raised in the cases before the Ninth Circuit.  The issues in *San Mateo* and *City of Oakland* will, however—as Plaintiff has previously (and correctly) explained to this Court in requesting a stay— "substantially overlap with issues that will arise here with respect to removal jurisdiction."  Dkt No. 79 at 2-4.  Defendants respectfully submit that because those issues will be the subject of Defendants' forthcoming petitions for writs of certiorari, briefing on remand and removal issues in this Court should continue to be stayed until the Supreme Court has had the opportunity to address and potentially resolve those issues.  Continuing the stay pending certiorari is particularly appropriate given that, as a result of the Ninth Circuit's erroneously narrow view of its appellate jurisdiction in *San Mateo*, most of Defendants'

3

grounds for removal have not yet been considered by any appellate court, but may be considered as a result of Defendants' petition for certiorari.  Finally, Defendants note that, contrary to Plaintiff's suggestion below, no federal (or state) court has addressed whether a stay of briefing on remand and removal issues is appropriate pending a writ of certiorari to the United States Supreme Court—this Court is the first, and Defendants believe the stay should remain in place for the reasons explained above.  Indeed, Judge Chhabria of the District Court for the Northern District of California ordered, pursuant to a joint stipulation of the parties to that action that neither controls this Action nor is applicable to the Parties here, that remand and removal briefing in a similar climate change case would be stayed through the resolution of any potential Supreme Court proceedings in *San Mateo* and *City of Oakland*.  *Pacific Coast Federation of Fishermen's Associations, Inc. v. Chevron Corp.*, No. 3:18-cv-7477-VC (N.D. Cal.), Dkt. 91 at 3.[3]

Plaintiff's Position: Plaintiff City and County of Honolulu disagrees and, while willing to delay proceedings in this Court until the Ninth Circuit rules on Defendants' pending motion to stay the mandate, once that happens the City thinks this Court should turn to the motion to remand, regardless of the disposition of that motion(s) in the Ninth Circuit.  As Defendants note, the Ninth Circuit decisions do

---

[3]     In fact, the parties in that action intend to file a joint request to vacate a scheduled case management conference because the case is stayed through

not address all asserted bases for jurisdiction necessitating remand briefing before this Court. Moreover, the City notes that every court at every level of the federal judiciary that has considered requests for stay pending appeal of orders granting remand in similar climate-related cases has denied them.[4] As such, regardless of whether the stay of mandate is denied or granted, the City requests that this Court lift the current stay upon resolution by the Ninth Circuit of the pending motion to stay. The City's position is that to continue the stay for a much longer period based on the mere contingency that the Supreme Court will grant certiorari in the *Oakland* and *San Mateo* cases and then hear them in 2021 is not justified in light of the facts and issues in this case.[5]

---

resolution of Supreme Court proceedings pursuant to the aforementioned stipulation and order.

[4] *BP P.L.C. v. Mayor and City Council of Baltimore*, 140 S.Ct. 449 (Oct. 22, 2019); *Bd. of Cty. Commissioners of Boulder County v. Suncor Energy, Inc.*, 10th Cir. Case No. 19-1330, Doc. No. 10687694 (Oct. 17, 2019); *Mayor and City Council of Baltimore v. BP P.L.C.,* 4th Cir. Case No. 19-1644, Dkt No. 116 (Oct. 1, 2019); *State of Rhode Island v. Shell Oil Products Company*, LLC, 1st Cir, Case No. 19-1818, Doc No. 00117499123 (Oct. 7, 2019); *Bd. of Cty. Commissioners of Boulder Cty. v. Suncor Energy* (U.S.A.) Inc., 423 F. Supp. 3d 1066 (D. Colo. 2019); *Mayor & City Council of Baltimore v. BP P.L.C.*, 2019 WL 3464667 (D. Md. July 31, 2019).

[5] The six plaintiffs in the *San Mateo* cases have opposed defendants' efforts before Judge Chhabria in the District Court for the Northern District of California to stay remand. No. 3:17-cv-04929-VC (N.D. Cal.), Dkt. 275. These same plaintiffs will oppose defendants' request for stay in the Ninth Circuit on August 20, 2020.

DATED: August 18, 2020            Respectfully Submitted,

Paul S. Aoki
Acting Corporation Counsel

By: */s/ Robert M. Kohn*
Robert M. Kohn
Nicolette Winter
Deputies Corporation Counsel

Victor M. Sher (*pro hac vice*)
Matthew K. Edling (*pro hac vice*)
SHER EDLING LLP

*Attorneys for the City the City and County of Honolulu*

By: */s/ Joachim P. Cox*
Joachim P. Cox
Randall C. Whattoff
COX FRICKE LLP

David C. Frederick (*pro hac vice*)
KELLOGG, HANSEN, TODD,
    FIGEL & FREDERICK, P.L.L.C.

By: */s/ Melvyn M. Miyagi*
Melvyn M. Miyagi
WATANABE ING LLP

Theodore J Boutrous, Jr. (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP

*Attorneys for Defendants Chevron Corporation and Chevron U.S.A., Inc.*

By: */s/ C. Michael Heihre*
C. Michael Heihre
Michi Momose
Lisa K. Swartzfager
CADES SCHUTTE

J. Scott Janoe (*pro hac vice*)
Megan Berge (*pro hac vice*)
Sterling Marchand (*pro hac vice*)
BAKER BOTTS LLP

*Attorneys for Defendants
Sunoco LP, Aloha Petroleum, LTD., and Aloha Petroleum LLC*

By: */s/ Lisa Woods Munger*
Lisa Woods Munger
Lisa A. Bail
David J. Hoftiezer
GOODSILL ANDERSON QUINN & STIFEL LLP

*Attorneys for Defendants
BP PLC and BP America Inc.*

6

*Attorneys for Defendants
Royal Dutch Shell plc, Shell Oil Company,
and Shell Oil Products Company LLC*

By: */s/ Breon S. Peace*
Breon S. Peace (*pro hac vice*)
Victor L. Hou (*pro hac vice*)
Boaz S. Morag (*pro hac vice*)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP

Margery S. Bronster
Rex Y. Fujichaku
Kevin A. Morris
BRONSTER FUJICHAKU ROBBINS

*Attorneys for Defendants BHP Group
Limited, BHP Group plc, and BHP Hawaii
Inc.*

By: */s/ Ted N. Pettit*
Ted N. Pettit
CASE LOMBARDI & PETTIT

Shannon S. Broome (*pro hac vice*)
Shawn Patrick Regan (*pro hac vice*)
HUNTON ANDREWS KURTH LLP

*Attorneys for Defendant
Marathon Petroleum Corp.*

By: */s/ Crystal K. Rose*
Crystal K. Rose
Adrian L. Lavarias
David A. Morris
BAYS, LUNG, ROSE & HOLMA

Jameson R. Jones (*pro hac vice*)
Daniel R. Brody (*pro hac vice*)
Sean C. Grimsley (*pro hac vice*)
BARTLIT BECK LLP
*Attorneys for Defendants ConocoPhillips
and
ConocoPhillips Company*

By: */s/ Paul Alston*
Paul Alston
Claire Wong Black
John-Anderson L. Meyer
Glenn T. Melchinger
DENTONS

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel Toal (*pro hac vice*)
Yahonnes Cleary (*pro hac vice*)
Caitlin Grusauskas (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

*Attorney for Defendants Exxon Mobil
Corporation and ExxonMobil Oil
Corporation*

7

CITY AND COUNTY OF HONOLULU v. SUNOCO LP, et al., Case No. CV 20-00163 DKW-RT; SECOND STIPULATION AND ORDER TO MODIFY BRIEFING SCHEDULES