IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CITY AND COUNTY OF HONOLULU,<br><br>Plaintiff,<br><br>v.<br><br>SUNOCO LP, *et al.*,<br><br>Defendants. | Case No. 20-cv-00163-DKW-RT<br><br>**ORDER DENYING DEFENDANTS' REQUEST FOR RECONSIDERATION OF STAY**[1] |

On August 21, 2020, the Court entered an interlocutory order lifting a stay in this case that had been entered pending decisions in cases before the Ninth Circuit Court of Appeals ("August 21, 2020 EO"). Dkt. No. 111. On September 4, 2020, Defendants collectively filed an "Update to Further Status Report and Request for Reconsideration of Stay" ("request for reconsideration"), asking the Court to reconsider lifting the stay in this case in light of the Ninth Circuit's decision to stay issuance of the mandate in one of the cases described above so that parties in that case may pursue a petition for writ of certiorari with the United

---

[1] Pursuant to Local Rule 7.1(d), the Court decides the instant motion without a hearing.

States Supreme Court. Dkt. No. 113. For the reasons set forth below, the request for reconsideration is DENIED.[2]

As an initial matter, Defendants cite no applicable rule for the relief they seek. Pursuant to the Local Rules of this District, a party may seek reconsideration of an interlocutory order, such as the August 21, 2020 EO,[3] in three circumstances: (1) discovery of new material facts not previously available, (2) an intervening change in law, or (3) manifest error of law or fact. *See* Local Rule 60.1.

It appears Defendants consider the Ninth Circuit's decision to stay issuance of the mandate in one of the above-described cases before it—the sole basis for the request for reconsideration—to be a new material fact.[4] Nonetheless, the request is still subject to denial. Notably, on more than one occasion in this case, Defendants themselves have stated the *limited* guidance this Court should expect from the Ninth Circuit in the cases described above. *See* Dkt. No. 92 at 3 ("The Defendants note that the recent Ninth Circuit decisions do not address all bases for

---

[2]Plaintiff has filed a September 8, 2020 opposition to the request for reconsideration. Dkt. No. 114. As the Court did not request an opposition, and without such a request, the opposition brief is not permitted, the Court will not consider it. *See* LR 60.1.
[3]*See Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986) (Scalia, J., in chambers) (explaining that an order lifting a stay, "like the stay itself[,]" is interlocutory).
[4]The Ninth Circuit's decision to issue a stay cannot be considered an intervening change in the law, nor is it an indication of a manifest error of fact or law in the August 21, 2020 EO.

federal jurisdiction asserted in their Notice of Removal here and the Notice of Removal also presents new facts and authority that support federal jurisdiction beyond those raised in the cases before the Ninth Circuit."); Dkt. No. 78 at 1-2 ("decisions in favor of plaintiffs could have little effect on whether to remand this case because (1) the Ninth Circuit may potentially address only a limited number of the removal grounds asserted here, and (2) Defendants' Notice of Removal presents new facts and authority that support federal jurisdiction above and beyond those raised in the cases now on appeal. This Court will need to consider those matters even if the pending appeals are decided against defendants.").

Whether those assertions are true or not, it is simply time to find out. Further, having considered the request for reconsideration, the Court remains unpersuaded that the contingent utility of a stay in this case outweighs proceeding in the normal course with, at the very least, Plaintiff's anticipated motion to remand.

///

///

///

Accordingly, the request for reconsideration, Dkt. No. 113, is DENIED. The briefing deadlines and requirements set forth in the August 21, 2020 EO remain in effect.[5]

IT IS SO ORDERED.

Dated: September 9, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*City and County of Honolulu v. Sunoco LP, et al;* Civil No. 20-00163 DKW-RT; **ORDER DENYING DEFENDANTS' REQUEST FOR RECONSIDERATION OF STAY**

---

[5]The Court also confirms for the parties that, other than deadlines related to Plaintiff's anticipated motion to remand, the August 21, 2020 EO did **not** lift the stay with respect to any other deadlines in this case. Therefore, if appropriate, the Court will set deadlines for responsive briefing after disposition of the motion to remand, if any.