IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CITY AND COUNTY OF HONOLULU,<br><br>              Plaintiff,<br><br>     vs.<br><br>SUNOCO LP, *et al.*,<br><br>              Defendants. | Case No. 20-cv-00163-DKW-RT<br><br>**ORDER (1) DENYING MOTION TO STAY EXECUTION OF REMAND ORDER; AND (2) GRANTING TEMPORARY STAY TO SEEK RELIEF BEFORE THE NINTH CIRCUIT** |
| COUNTY OF MAUI,<br><br>              Plaintiff,<br><br>     vs.<br><br>CHEVRON U.S.A. INC., *et al.*,<br><br>              Defendants. | Case No. 20-cv-00470-DKW-KJM<br><br>**ORDER (1) DENYING MOTION TO STAY EXECUTION OF REMAND ORDER; AND (2) GRANTING TEMPORARY STAY TO SEEK RELIEF BEFORE THE NINTH CIRCUIT** |

On February 12, 2021, this Court entered an Order granting Plaintiffs'

motions to remand these cases to the respective state courts from which they came.

Now, Defendants move for a stay of the mailing of the February 12, 2021 Order

pending their appeal of the same to the Ninth Circuit Court of Appeals.   A stay is

not warranted for several reasons.   First, the Court is particularly unpersuaded that

Defendants have made a strong showing of likely success on appeal or that serious legal questions exist.   Second, the Court is equally unmoved that Defendants will suffer any injury from remanding these cases forthwith, given that Defendants rely entirely on speculative purported injuries that may never occur.   Accordingly, as set forth below, the motions to stay, Dkt. No. 133 & Dkt. No. 103*,[1] are DENIED. Notwithstanding this denial, the Court grants Defendants' request for a "temporary" stay to explore if the Ninth Circuit sees it any differently.

## RELEVANT PROCEDURAL BACKGROUND

As mentioned, on February 12, 2021, this Court entered an Order granting Plaintiffs' motions to remand and instructed the Clerk of Court to mail a certified copy of that Order to the relevant State Circuit Courts from which they came.   Dkt. No. 128, Dkt. No. 99*.   After entry of the Order, but before mailing of the certified copy occurred, the Court received a letter from certain Defendants asking that the certified copies not be sent, pending a motion to stay that Defendants intended to file.   Dkt. No. 129, Dkt. No. 100*.   Upon review of the letter, the Court elected to delay mailing of the certified copies of the February 12, 2021 Order, pending receipt of, and decision on, briefing related to any motion to stay.   Dkt. No. 130, Dkt. No. 101*.   The Court has now received Defendants' motion to stay and related briefs. Dkt. Nos. 133, 137; Dkt. Nos. 103*, 107*.   This Order follows.

---

[1]References to Dkt. No. ___ shall be to filings in No. 20-cv-163.   References to Dkt. No. ___* shall be to filings in No. 20-cv-470.

## LEGAL STANDARD

A court considers four factors in deciding a motion to stay:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotation omitted).   The first two of the foregoing factors "are the most critical."   *Id*.   Further, when the government is the opposing party, such as Plaintiffs here, the third and fourth factors merge.   *See id*. at 435.

A stay is "an exercise of judicial discretion," and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."   *Id*. at 433-434 (quotation and citations omitted).

## DISCUSSION

The Court addresses the *Nken* factors in turn.

1.    *Likelihood of success on the merits*.    The Ninth Circuit has explained that this factor does not require a movant to show that "it is more likely than not that they will win on the merits."   *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011).   Instead, "the minimum quantum of likely success" is "a substantial case for relief on the merits."   *Id*. at 968.   Having reviewed the parties' briefing, including

the briefs relating to remand, the Court is unconvinced that such a substantial case exists here.

Notably, as the Court explained in its February 12, 2021 Order, the Ninth Circuit has already and only recently addressed the sole issue from which Defendants can appeal with certainty, and the Circuit has done so in a manner unfavorable to Defendants. *See* Dkt. No. 128 at 9-10. There is, thus, nothing substantial to a question that has already been answered. Moreover, although, in the motions to stay, Defendants again press the argument that their new facts and legal arguments will cause an epiphany at the Ninth Circuit, the Court remains unpersuaded by that argument. *See id*. at 10-16.[2]

Defendants' remaining assertions for why they enjoy a likelihood of success on the merits depend, as Plaintiffs explain, on multiple contingencies. *See* Dkt. No. 137 at 12-14. For example, for any issue related to jurisdiction under the Outer Continental Shelf Lands Act (OCSLA) to be even potentially substantial, Defendants must knock down multiple litigation pins, such as success in the Supreme Court and many further successes in the Ninth Circuit. As the Court stated earlier in this case, the Court is unconvinced that those contingencies that remain unsatisfied warrant staying this case. *See* Dkt. Nos. 111, 115.

---

[2]The Court also remains equally unconvinced of the substantiality of either Defendants' "theory of the case" argument or their continued failure to even describe a colorable federal defense. *See* Dkt. No. 128 at 16-20 & n.13.

Ultimately, while there may have been, at some point, and in another proceeding, a substantial case for relief in any appeal Defendants may wage, in this action, now, there is none that the Court can discern.[3]   Therefore, this factor weighs against granting a stay.

2.   *Irreparable Harm*.   The Supreme Court and Ninth Circuit have explained that, to obtain a stay, a movant "must demonstrate that irreparable harm is probable if the stay is not granted[;]" the "possibility" of irreparable injury is insufficient.   *Leiva-Perez*, 640 F.3d at 968 (citing *Nken*, 556 U.S. at 434-435). Here, Defendants have made no showing of probable irreparable harm.   Instead, Defendants rely on speculation on what may befall them if they have to litigate in State court.   *See* Dkt. No. 133-1 at 18-19, Dkt. No. 103-1* at 18-19.   Of course, the problem with such speculation is that it may never occur—the very definition of "possibility."   *See* Black's Law Dictionary 1353 (10th ed. 2014) (defining "possibility" as, among other things, "[a]n event that may or may not happen; something that might plausibly occur or take place…").   Put simply, it cannot be

---

[3]In that regard, the Court notes that, of all the cases involving subject matter similar to that here, Defendants have achieved one, fleeting success on the issue of removal.   *See California v. BP P.L.C.*, 2018 WL 1064293 (N.D. Cal. Feb. 27, 2018).   Even that success, though, has now been overturned.   *See City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020).   A batting average of .000 does not suggest a substantial case exists.

known, which is hardly a basis to find that Defendants will be *irreparably* harmed, what might occur through future litigation in State court.[4]

Finally, as the Court sees this issue, the purported *injury* of litigating in State court is simply a natural consequence of Defendants failing to demonstrate that these cases were properly removed.   *See* 28 U.S.C. § 1447(c), (d).   Something which hardly seems like a reason to find an irreparable injury, let alone a probable one. Therefore, this factor counsels against a stay.   *See Leiva-Perez*, 640 F.3d at 965 (explaining that, if a movant fails to show irreparable harm, "then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors.").

3.   *Public Interest*.   Although unnecessary to address in light of the findings above, the Court doubts whether there is any public interest in delaying the remand of these cases to State court.   As Plaintiffs observe, the first of these cases, Case No. 20-cv-163, began almost a year ago on March 9, 2020, with no evident progress since then, given that the case was removed a little over a month later.   *See* Dkt. No. 137 at 22.   Staying these cases will only add, potentially significantly, to this delay.   No matter what may happen with these cases on the merits in the future, the Court cannot discern any public interest in such delay.

---

[4]Something which is borne out by Plaintiffs' explanation that, in other litigations, once remanded, State courts have entered stays of the sort requested here.   *See* Dkt. No. 137 at 19-20, Dkt. No. 137-4.

4.     *Temporary Stay*.   In their motions to stay, Defendants also request, in the event a stay pending appeal is denied, a "temporary stay to preserve Defendants' right to seek a stay from the Ninth Circuit."   Dkt. No. 133-1 at 3, 23; Dkt. No. 103-1\* at 3, 23.   Because the Court recognizes that the Ninth Circuit has granted a motion to stay issuance of its mandate affirming a remand order in another climate change case similar to this one,[5] the Court grants a "temporary" stay of ten days, or until the close of business on March 15, 2021, to permit Defendants to seek from the Ninth Circuit the relief that the Court denies here.   If no instruction emanates from the Ninth Circuit with respect to a stay by this date, the Court will instruct the Clerk of Court to disseminate forthwith its February 12, 2021 Order granting remand.

## CONCLUSION

For the reasons set forth herein, the motions to stay (Dkt. No. 133 in Case No. 20-cv-163 and Dkt. No. 103 in Case No. 20-cv-470) are DENIED.   Nonetheless, the Clerk is instructed to continue to delay transmission of a certified copy of the February 12, 2021 Order to the First and the Second Circuit Courts for the State of Hawai'i, until further order of this Court.

---

[5]Because the Ninth Circuit's stay order in that case does not explain the basis of its decision, *see Cty. of San Mateo v. Chevron Corp., et al.*, Case No. 18-15499, Dkt. No. 238 (9th Cir. Aug. 25, 2020), the Court can take no guidance from the same under the circumstances of this case.

IT IS SO ORDERED.

Dated: March 5, 2021 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge